```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
R.R. and Z.R., individually and on behalf of D.R., a minor             :
with a disability,                                                     :
                                                                       :
                              Plaintiffs,                              :     24 Civ. 8389 (JPC)
                                                                       :
              -v-                                                      :     ORDER
                                                                       :
NEW YORK CITY DEPARTMENT OF EDUCATION,                                 :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      For the reasons stated on the record at the hearing held on December 10, 2024, the Court finds that Plaintiffs R.R. and Z.R. have made a clear showing with respect to each of the four preliminary injunction factors as to the First Cause of Action alleged in the Complaint, Dkt. 1 ¶¶ 76-83, and that Plaintiffs' request for injunctive relief is not moot.  Specifically, the Court holds that Plaintiffs have shown:  (1) a clear and substantial likelihood of success on the merits of their claim that Defendant New York City Department of Education failed to implement the provisions of D.R.'s Individualized Education Program ("IEP") requiring him to be accompanied by a one-on-one transportation paraprofessional during his bus rides to and from school; (2) a strong likelihood that Defendant's failure to implement D.R.'s IEP in that manner will result in irreparable harm to D.R. in the form of lost educational opportunities; (3) that the balance of hardships decidedly favors an injunction given the loss of educational opportunities that D.R. faces; and (4) that the public interest would be served by an injunction in light of the compelling public interest in ensuring that special needs students receive the benefit of a public education.  *See Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015); *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015).

Accordingly, Defendant is hereby preliminarily enjoined as follows:

1. Defendant shall provide a qualified and able one-on-one transportation paraprofessional to accompany D.R. on both the morning and afternoon bus rides to and from his school on each school day.

2. Defendant shall promptly inform R.R. and Z.R. of any changes to D.R.'s transportation paraprofessional and provide the name and contact information of any new transportation paraprofessional to R.R. and Z.R.

3. Defendant shall submit a status letter to the Court every two weeks that states the following information:

    a. Whether D.R. was accompanied by a transportation paraprofessional on both the morning and afternoon commutes for each school day since the prior status letter.

    b. If D.R. was not accompanied by a transportation paraprofessional on any school day during that period, the date(s) and commute(s) for which the transportation paraprofessional was unavailable and the specific circumstances causing their unavailability.

    c. Whether there has been any change to D.R.'s transportation paraprofessional since the previous status letter and, if so, the date and time when R.R. and Z.R. were informed of that change. This requirement shall not apply to the first status letter.

4. Defendant shall submit the status letters every other Friday to the Court's chambers email address as PDF attachments, copying Plaintiffs' counsel. The first status letter shall be due on December 13, 2024, and shall cover the period beginning December 9, 2024. Defendant shall continue to submit these biweekly status letters until ordered

otherwise by the Court.

This injunction is stayed until December 16, 2024, with the exception of the status letter requirement, which takes immediate effect.

SO ORDERED.

Dated: December 10, 2024
      New York, New York

                                                          JOHN P. CRONAN
                                          United States District Judge

3